```
                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF ARKANSAS
                         WESTERN DIVISION


HONORABLE WENDELL L. GRIFFEN,            Case No. 4-07-00642(DSD)

            PLAINTIFF,

v.                                                         ORDER

THE ARKANSAS JUDICIAL DISCIPLINE
AND DISABILITY COMMISSION;
DAVID STEWARD, Executive Director
of the Arkansas Judicial
Discipline and Disability
Commission; FRANK J. WILLS III,
Deputy Director;
HONORABLE LEON JAMISON, Chairman;
HONORABLE WILLIAM A. STOREY, Member;
HONORABLE CHRIS E. WILLIAMS, Member;
JOHN EVERETT; Member;
H. WILLIAM ALLEN, Member;
DERRICK SMITH, Member;
BILL FLY, Member;
CHUCK DEARMAN, Member;
REGINALD D. HAMMAN, Member;
all in their official capacities
with the ARKANSAS JUDICIAL DISCIPLINE
AND DISABILITY COMMISSION,

            DEFENDANTS.
```

This matter is before the court upon defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motion.

**BACKGROUND**

This case arises from a complaint for declaratory and injunctive relief by plaintiff Wendell L. Griffen, an Arkansas state court appellate judge ("Judge Griffen"), against defendants the Arkansas Judicial Discipline and Disability Commission, its executive director David Stewart, its deputy director Frank J. Wills III, and its members the Honorable Leon Jamison, the Honorable William A. Storey, the Honorable Chris E. Williams, John Everett, H. William Allen, Derrick Smith, Bill Fly, Chuck Dearman and Reginald D. Hamman, in their official capacities (collectively, the "Commission"). After learning of several occasions in 2005 and 2006 in which Judge Griffen made and published public remarks about topics ranging from Hurricane Katrina relief to the war in Iraq, the Commission's then executive director, James A. Badami, issued a statement of allegations against Judge Griffen on February 15, 2006, charging him with violations of the Arkansas Code of Judicial Conduct. On September 15, 2006, the Commission held a preliminary hearing and voted to proceed with a probable cause hearing.

The Commission conducted the probable cause hearing on March 16, 2007. Judge Griffen attended the hearing and urged the Commission to grant his June 1, 2006, motion to dismiss and his October 30, 2006, motion for summary judgment. The Commission,

however, denied Judge Griffen's motions, finding that probable cause existed to believe that Judge Griffen committed misconduct of a nature requiring a formal disciplinary hearing.

On April 23, 2007, Badami filed a formal statement of charges against Judge Griffen. The statement alleged violations of Arkansas Code § 16-10-410(b)(4) for engaging in conduct prejudicial to the administration of justice and Arkansas Code § 16-10-410(b)(5) for wilfully violating the Arkansas Code of Judicial Conduct - specifically, Canons 1, 2A, 2B, 4A and 5A(1)(b). On July 10, 2007, Judge Griffen again moved for summary judgment. The Commission scheduled a formal hearing in the matter to be held on August 23 and 24, 2007, after postponing the original July 20, 2007, hearing date.

After various attempts to reinstate the July 20 hearing and to disqualify Commission members from participation in his case failed, Judge Griffen filed this federal action on July 20, 2007, seeking declaratory and injunctive relief. On August 7, 2007, the Commission moved to dismiss the action, arguing that Judge Griffen's claims are barred by sovereign immunity, that Judge Griffen failed to exhaust available state remedies and that the court should refuse jurisdiction under the <u>Younger</u> and <u>Pullman</u> abstention doctrines. A day later, on August 8, 2007, a three-member panel of the Commission convened and recommended that the charges against Judge Griffen be dismissed pursuant to his July

10 motion for summary judgment. Thus, the Commission canceled the August 23 and 24 hearing that Judge Griffen sought to enjoin. On September 27, 2007, the Commission formally granted Judge Griffen's July 10 motion for summary judgment and dismissed all charges against him. It concluded, after reviewing <u>Republican Party of Minnesota v. White</u>, 416 F.3d 738 (8th Cir. 2005), that the First Amendment protected the speech at issue and that no Arkansas Canon expressly prohibited a judge or judicial candidate from publicly discussing political or legal issues. (<u>See</u> Defs.' Status Report Ex. A ¶¶ 11-13.)

Despite the dismissal of all charges against him, Judge Griffen has continued to pursue this federal action. On October 15, 2007, he filed an eighty-two page motion for summary judgment, arguing that as a matter of law the court should find that he is entitled to a declaratory judgment concerning the unconstitutionality of the Commission's conduct and certain provisions of the Arkansas Judicial Code. The following day, the Commission moved the court to stay or strike Judge Griffen's summary judgment pleadings until resolution of the Commission's outstanding motion to dismiss. The court, which was assigned this case on August 22, 2007, now addresses that motion to dismiss.

**DISCUSSION**

As an initial matter, the court must decide whether it has jurisdiction over this action. Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies. U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan, 504 U.S. at 560. If a plaintiff lacks standing, "the district court has no subject matter jurisdiction." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002).

To satisfy the Article III standing requirements, a plaintiff must demonstrate:

> 1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (internal citation omitted). Whether a party has established these three traditional elements of Article III standing is an "inescapable threshold question." Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 799 (8th Cir. 2006).

The Commission dismissal of all charges against Judge Griffen on September 27, 2007, rendered moot[1] his claims for recision of the formal charges against him and an injunction preventing defendants from "pursuing any other action or complaints arising from the April 23, 2007, charges." (See Pl. Compl. at 31.) Judge Griffen, however, argues that his claims for declaratory and prospective injunctive relief based on his constitutional challenges to the Arkansas Code of Judicial Conduct remain valid. The court disagrees.

To satisfy the injury-in-fact requirement of standing, a plaintiff seeking prospective relief against future conduct of defendants who caused past harm must demonstrate "a real and immediate threat" of repeated injury. Park v. Forest Serv. of the U.S., 205 F.3d 1034, 1037 (8th Cir. 2000). While past wrongs are "evidence bearing on whether there is a real and immediate threat of repeated injury," such conduct "does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). Rather, standing to seek injunctive relief requires a plaintiff to show a likelihood of a future injury. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007).

---

[1] Judge Griffen has acknowledged that these claims are moot. (See Pl. Mot. Summ. J. at 19.)

Though forced to participate in the disciplinary process, Judge Griffen was never reprimanded, admonished or disciplined in any way by the Commission.  Moreover, Judge Griffen faces no current charges nor is there any showing that the Commission will pursue charges against him in the future.  See O'Shea, 414 U.S. at 498.  His only opportunity for future interaction with the Commission would arise upon another alleged violation, but "attempting to anticipate whether and when [a party] will be charged with [a violation moves] into the area of speculation and conjecture."  O'Shea, 414 U.S. at 497; see Mosby v. Ligon, 418 F.3d 927, 933-34 (8th Cir. 2005).  Such speculation and conjecture cannot create an injury in fact for standing purposes.

Further, now that it has determined that "there is no Canon that expressly prohibits a judge or judicial candidate from publicly discussing disputed political or legal issues" and that the First Amendment protects Judge Griffen's statements, the Commission cannot pursue similar charges against Judge Griffen or any other judge. (Defs.' Status Report Ex. A ¶¶ 11-13.)  Indeed, in its September 27, 2007, final decision and order, the Commission concluded that the "Canons cited in the Formal Statement of Charges [against Judge Griffen] cannot be used as a basis for a finding of judicial misconduct if the alleged misconduct is solely related to a public discussion of disputed political or legal issues."  (Id. at ¶ 13.)

7

For these reasons, Judge Griffen has not demonstrated a real and immediate threat of repeated injury nor shown any continuing, present adverse effects. Accordingly, he does not have the standing necessary to maintain this action in federal court.[2]

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. No. 20] is granted for lack of subject matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 24, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[2] Although Judge Griffen likely had standing to pursue prospective relief when he filed this action, he lost that standing when the Commission issued its final order and decision and rendered his claims moot. See L.A. County v. Davis, 440 U.S. 625, 631 (1979) ("[J]urisdiction, properly acquired, may abate if the case becomes moot."). Moreover, his case does not fall within one of the exceptions to the mootness doctrine. See Iowa Prot. & Advocacy Servs. v. Tanager, Inc., 427 F.3d 541, 543-44 (8th Cir. 2005) (voluntary cessation of allegedly illegal conduct or capable of repetition yet evading review). Specifically, this is not a matter of voluntary cessation of allegedly illegal conduct because, as explained above, subsequent events have "made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, 528 U.S. at 708.