UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HONORABLE WENDELL L. GRIFFEN,                    Case No. 4-07-00642(DSD)

       PLAINTIFF,

v.                                                                **ORDER**

THE ARKANSAS JUDICIAL DISCIPLINE
AND DISABILITY COMMISSION;
DAVID STEWARD, Executive Director
of the Arkansas Judicial
Discipline and Disability
Commission; FRANK J. WILLS III,
Deputy Director;
HONORABLE LEON JAMISON, Chairman;
HONORABLE WILLIAM A. STOREY, Member;
HONORABLE CHRIS E. WILLIAMS, Member;
JOHN EVERETT; Member;
H. WILLIAM ALLEN, Member;
DERRICK SMITH, Member;
BILL FLY, Member;
CHUCK DEARMAN, Member;
REGINALD D. HAMMAN, Member;
all in their official capacities
with the ARKANSAS JUDICIAL DISCIPLINE
AND DISABILITY COMMISSION,

       DEFENDANTS.


      This matter is before the court on petitioner's pro se motion to vacate judgment pursuant to Federal Rule of Civil Procedure 59(e). Based upon a review of the file, record and proceedings herein, petitioner's motion is denied.

**BACKGROUND**

In February 2006, the Arkansas Judicial Discipline and Disability Commission's ("Commission") executive director charged Judge Wendell L. Griffen ("Judge Griffen") with violating the Arkansas Code of Judicial Conduct based on public remarks the judge made and published in 2005 and 2006. The Commission conducted a probable cause hearing in March 2007 and scheduled a formal hearing in the matter on August 23 and 24, 2007, after postponing the original July 20, 2007, hearing date. After various attempts to reinstate the July 20 hearing and to disqualify Commission members from participation in his case failed, Judge Griffen filed this federal action on July 20, 2007, seeking declaratory and injunctive relief. On August 8, 2007, a three-member panel of the Commission convened and recommended that the charges against Judge Griffen be dismissed. Thus, the Commission canceled the August 23 and 24 hearing that Judge Griffen sought to enjoin. On September 27, 2007, the Commission formally dismissed all charges against him.

Despite the dismissal of all charges against him, Judge Griffen continued to pursue the federal action. On October 15, 2007, he filed a motion for summary judgment arguing that he was entitled to a declaratory judgment concerning the unconstitutionality of the Commission's conduct and certain provisions of the Arkansas Judicial Code. The following day, the Commission moved the court to stay or strike Judge Griffen's summary judgment pleadings until the court resolved the

Commission's previously filed motion to dismiss. On October 24, 2007, the court dismissed the action for lack of subject matter jurisdiction because Judge Griffen no longer had standing. Judge Griffen now moves the court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).

## DISCUSSION

Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted); see also Fed. R. Civ. P. 59(e) advisory committee's note (stating purpose of the rule). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). Nor can the rule be used to rehash arguments already made and lost. See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). The court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

The court has thoroughly reviewed its order of October 24, 2007. Petitioner has not identified a manifest error of law or fact in the court's order. Although the court considered and deemed inapplicable the exceptions to the mootness doctrine in its

October 24 order, Judge Griffen argues that his action falls within the "capable of repetition yet evading review" exception. That exception is "extraordinary and narrow" and applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation the complaining party will be subject to the same action again." Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999).

Judge Griffen's complaint meets neither of the exception's two requirements. The nature of the Commission's disciplinary proceedings are not so short as to prevent consideration of constitutional issues - unlike, for example, the nature of a pregnancy or an election. Cf. Singleton v. Wulff, 428 U.S. 106, 117 (1976) (pregnancy); Norman v. Reed, 502 U.S. 279, 288 (1992) (election rules). Moreover, as discussed in the October 24 order, Judge Griffen has not established a reasonable expectation that he will again be subject to the alleged violations. (See Order of Oct. 24, 2007, at 6-7.)

In addition, after considering Judge Griffen's Rule 59 motion and supporting memoranda, the court finds no new evidence that affects petitioner's case. Rather, Judge Griffen seeks only to rehash arguments already made and lost, and the court will not grant relief based on such efforts. For these reasons, the court denies petitioner's motion to alter or amend judgment pursuant to Rule 59.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that petitioner's motion to amend or alter judgment pursuant to Rule 59(e) [Doc. No. 37] is denied.

Dated:  February 11, 2008

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court